UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, CHIEF STATE OFFICER; DELANO HOSPITAL<br><br>Defendant. | No. 1:20-cv-000670-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.     FACTS AND BACKGROUND

Plaintiff David Nathaniel Roberts is a current or former state prisoner proceeding *pro se* on this civil rights complaint filed under 42 U.S.C. § 1983. Doc. No. 1. On January 21, 2021, the court issued an order directing plaintiff to show cause why the case should not be dismissed for failure to comply with the court's July 15, 2020 Order. Doc. No. 26. The show cause order issued because plaintiff still had not filed his amended complaint in compliance with the Court's July 15, 2020 Order despite the court providing plaintiff with repeated extensions of time. *Id.* at 1 (citing (Doc. No. 15) (screening order permitting plaintiff 60 days to file a first amendment complaint specifically identifying which individual defendant(s) allegedly beat him with excessive force);

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

(Doc. No. 19) (granting plaintiff's enlargement of time permitting 30 more days from September 8, 2020 to file first amended complaint, and attaching amended complaint form); (Doc. No. 23) (order granting plaintiff's second motion for enlargement of time and permitting 30 days from November 10, 2020 to file first amended complaint and again attaching amended complaint form)). The court afforded plaintiff until February 5, 2021 to show cause why this case should not be dismissed for failure to prosecute and/or for failure to comply with the court's orders and multiple extensions of time to file his first amended complaint. Doc. No. 26 at ¶ 1. The court further directed plaintiff to accompany his response to the show cause order with a copy of his first amended complaint. *Ibid.* Finally, the court warned plaintiff that the failure to comply with the order would result in the court recommending dismissal without further notice. *Id.* at ¶ 3. The February 5, 2021 court-imposed deadline has now expired. Plaintiff has not responded to the court's show cause order. *See* docket

II. APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did

not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

III.   ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case.  Approximately, seven months ago the court directed plaintiff to file an amended complaint, but to date he has not done so.  *See* docket.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated.  This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

1. This case be dismissed without prejudice.

    2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE